IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC. CLERK, CHARLESTON, SC

2008 JUN 18  A 10: 30

| | |
|---|---|
| ANTHONY JOE, #268638, ) | C.A. No. 2:08-0585-PMD-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMENDATION** |
| JON OZMINT, Director of SCDC; ) JAMES SLIGH, JR., Division ) Director; D. WATFORD, ) Caseworker; M. GILMORE, Head ) Caseworker; MS. NFN REMBERT, ) Caseworker; and MS. JENKINS, ) Grievance Coordinator, ) Defendants. ) | |

This motion under Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order is before the undersigned United States Magistrate Judge for a report with recommendations as provided for in Title 28, United States Code, Section 636(b), and the local rules of this court.

Plaintiff Joe, appearing in this matter pro se, is an inmate of the South Carolina Department of Corrections serving a 15 year sentence for Burglary in the Lieber Correctional Institution. He brought this action challenging the conditions of his confinement in February 2008.

By the present motion, he seeks a preliminary order preventing the defendants from housing him in an two-man cell on lock-up, and requiring them to transfer him to a minimum security 1-B facility or a 1-A pre-release, work center facility. He also

1

seeks wages earned working in the prison industry program and full access to legal books and office supplies to file motions. Plaintiff's Motion for Temporary Restraining Order, Page 1.

The requirements for granting preliminary relief under Fed. R. Civ. P. 65 are set out by the Fourth Circuit Court of Appeals in <u>Direx Isreal, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802 (4th Cir. 1991); <u>Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353 (4th Cir. 1991) and <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court denies his request. <u>Direx Isreal</u>, at 812-13. Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of harm to the defendant from the grant of such relief." <u>Direx Isreal</u>, at 812. Third, if the balance tips decidedly in favor of the party requesting preliminary relief, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." <u>Direx Isreal</u>, at 813. However, "if the balance does not tip decidedly there must be a strong probability of

success on the merits." Id. Fourth, the court must evaluate whether the public interest favors granting preliminary relief.

However the threat of immediate irreparable harm is the *sine qua non* of granting preliminary relief.

> The "likelihood of irreparable harm to the plaintiff" is the first factor to be considered in this connection. We naturally begin our analysis with that issue because "'[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" Samson v. Murray, 415 U.S. 61, 88, 94 S.Ct. 937, 951-52, 39 L.Ed.2d 166 (1974) (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07, 79 S.Ct. 948, 954-55, 3 L.Ed.2d 988 (1959)). The applicability of this principle has often been affirmed in cases involving motions for preliminary injunctions. *See* Gelco Corp. v. Conniston Partners, 811 F.2d 414, 418 (8th Cir. 1987) (a failure to make such "a clear showing is by itself a sufficient ground upon which to deny a preliminary injunction"); Norlin Corp. v. Rooney, Pace Inc., 744 F.2d 255, 260 (2d Cir. 1984) ("a preliminary injunction will not issue without a showing of irreparable harm"). We reaffirmed this requirement of a clear showing of irreparable harm as a condition for the grant of a preliminary injunction in *Rum Creek*: "To succeed the Company must show that it will sustain irreparable harm without a preliminary injunction. The 'balance of hardship' test does not negate the requirement that the [movant] show some irreparable harm." 926 F.2d at 360. Moreover, the required "irreparable harm" must be "neither remote nor speculative, but actual and imminent." Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir.1989); *see* ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) ( "Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'"). And this requirement that the "clear showing" of irreparable harm to be suffered by the plaintiff from a denial of the relief must be both "actual" and "immediate" was adopted by us in our decision

3

> in <u>Dan River, Inc. v. Icahn</u>, 701 F.2d 278, 284 (4th Cir. 1983), where Judge Murnaghan wrote:
> "Weighing harms is no simple task. Critical to the weighing process here, though, is the simple fact that Dan River faces no *immediate* threat of irreparable harm. Under the circumstances, we cannot conclude that the balance-of-hardship favors management."

<u>Direx Isreal, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812(4th Cir. 1991).

> To establish irreparable harm, plaintiffs must demonstrate "an injury that is neither remote nor speculative, but actual and imminent." <u>Consolidated Brands, Inc. v. Mondi</u>, 638 F.Supp. 152, 155 (E.D.N.Y. 1986); accord <u>Kaplan v. Board of Educ. of the City School Dist.</u>, 759 F.2d 256, 259 (2d Cir. 1985); <u>Salant Acquisition Corp. v. Manhattan Indus.</u>, 682 F.Supp. 199, 202 (S.D.N.Y. 1988). The injury must be one requiring a remedy of more than mere money damages. A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation. . . . *See* <u>Doran v. Salem Inn, Inc.</u>, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975); <u>Sperry Int'l Trade, Inc. v. Government of Israel</u>, 670 F.2d 8, 12 (2d Cir. 1982).

<u>Tucker Anthony Realty Corp. V. Schlesinger</u>, 888 F.2d 969 (2d Cir. 1989).

Here there is no "clear showing" that the plaintiff will suffer "actual and imminent" irreparable harm if the court denies his request, therefore a motion for injunctive relief is unnecessary. <u>Direx Isreal</u>, at 812. There is no indication that by housing the plaintiff in a two-man cell on lock-up in a Level 3 facility and denying him a transfer to a 1-B facility or a 1-A facility or denying full access to legal books and office

4

supplies, the defendants will cause any harm, much less irreparable harm.

The plaintiff has provided no credible evidence that he faces a legitimate threat to his welfare as a result of his conditions of confinement. He generally links prison overcrowding to an expectation of an increase in violence, but fails to present specific facts that demonstrate the likelihood of actual and immediate injury, loss, or damage will result unless injunctive relief is granted.

The plaintiff in essence is seeking to gain by preliminary remedy that which he is seeking on the merits of the action. However, since it appears that the plaintiff has not met the heightened standard of clearly showing immediate, irreparable injury, it would be inappropriate, if not clear error, to enter the requested order. <u>Direx Israel</u>, at 816.

Accordingly it is recommended that the plaintiff's motion under Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order be denied.

                                    Respectfully Submitted,

                                    Robert S. Carr
                                    United States Magistrate Judge

Charleston, south Carolina

June 17, 2008